UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | |
| | ) | CHAPTER 7 |
| THE UPPER CRUST, LLC, et al.,[1] | ) | CASE NO. 12-18134-HJB |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| MARK G. DEGIACOMO, | ) | |
| CHAPTER 7 TRUSTEE OF THE UPPER | ) | |
| CRUST, LLC et al., | ) | ADVERSARY PROCEEDING |
| | ) | NO. 14- |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JORDAN TOBINS and | ) | |
| STEFANY TOBINS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ADVERSARY COMPLAINT

### JURISDICTION, VENUE AND STANDING

1.      The Plaintiff, Mark G. DeGiacomo, the Chapter 7 trustee of the estate of The

Upper Crust, LLC, et al., brings this adversary proceeding pursuant to 11 U.S.C. §§ 544, 548 and

550, 11 U.S.C. §§ 101-1330, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and

Massachusetts General Laws ch. 109A (the Uniform Fraudulent Transfer Act).

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The
Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The
Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The
Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The
Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-
18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-
18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-
18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A) and (H).

3.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1409(a).

PARTIES

4.     The Plaintiff, Mark G. DeGiacomo, the Chapter 7 trustee (the "Trustee") of the

bankruptcy estate of The Upper Crust, LLC, et al. (the "Debtors") maintains the right to bring

and prosecute all actions against the Defendants pursuant to §§ 544, 548 and 550 of the

Bankruptcy Code, and Massachusetts General Laws ch. 109(A).

5.     The Defendant, Jordan Tobins ("Jordan"), upon information and belief, is an

individual who resides at 117 Parker Road, Osterville, Massachusetts.

6.     The Defendant, Stefany Tobins ("Stefany"), upon information and belief, is an

individual who resides at 117 Parker Road, Osterville, Massachusetts.

GENERAL ALLEGATIONS

7.     On October 4, 2012, the Debtors filed voluntary petitions pursuant to Chapter 11

of the Bankruptcy Code (the "Petition Date").

8.     On October 5, 2012, this Court entered an order granting the Debtors' motion to

have their cases jointly administered.

9.     On November 7, 2012, this Court entered an order requiring the appointment of a

Chapter 11 trustee and the Trustee was duly appointed as the Chapter 11 trustee of the Debtors'

jointly administered bankruptcy estates that same day.

10.    On March 6, 2013, this Court entered an order converting the jointly administered

cases to Chapter 7 and the Trustee was appointed as the Chapter 7 trustee of each of the jointly

administered cases.

11.    On April 10, 2013, this Court entered an Order substantively consolidating the Debtors' cases.

12.    Starting in 2005, Jordan, Joshua Huggard ("Huggard") and Brendan Higgins ("Higgins") formed the Upper Crust LLC and several other entities, which did business as the Upper Crust Pizzeria, a group of pizza restaurants that ultimately became the Debtors on October 4, 2012.

13.    Beginning in or around the end of 2007, Jordan began transferring funds belonging to the Debtors to himself to pay for personal expenses and to support his extravagant lifestyle with his then girlfriend and alleged employee of the Debtors, Stefany.

14.    During the period of October 4, 2008 through the Petition Date, the Debtors transferred, other than salary, a total of $1,372,592.00 to or for Jordan's benefit (the "Four-Year Transfers to Jordan").  These transfers were used to pay for personal real estate or other personal expenses such as hotels, travel and dining which were not attributable to the Debtors' business operations or to reasonable compensation for Jordan's employment with the Debtors.  Attached hereto as <u>Exhibit A</u> is an accounting of the Four-Year Transfers to Jordan.

15.    During the period of October 4, 2008 through the Petition Date, the Debtors transferred a total of $49,934.00 to Stefany (the "Four-Year Transfers to Stefany), an alleged employee of the Debtors who actually performed little or no services for the Debors.  These transfers were made to or for Stefany's benefit to pay personal expenses and to pay insurance premiums for coverage to which she was not entitled.  These transfers were not attributable to the Debtors' business operations or to reasonable compensation for Stefany's employment with the Debtors.  Attached hereto as <u>Exhibit B</u> is an accounting of the Four-Year Transfers to Stefany.

3

16.     Between October 4, 2010 and October 4, 2012, Jordan received a total of $406,328.00 (the "Two-Year Transfers to Jordan") from the Debtors for expenses not attributable to the Debtors' business operations or to reasonable compensation for Jordan's employment with the Debtors.  Attached hereto as <u>Exhibit C</u> is an accounting of the Two-Year Transfers to Jordan.

**COUNT I**
**(Avoidance of the Two-Year Transfers to Jordan Under 11 U.S.C. § 548)**

17.     The Trustee repeats and realleges paragraphs 1 through 16 of this Adversary Complaint and incorporates them herein.

18.     The Two-Year Transfers to Jordan occurred within two years prior to the Petition Date.

19.     The Two-Year Transfers to Jordan include transfers to or for the benefit of Jordan to pay personal expenses of Jordan rather than legitimate business expenses of the Debtors.

20.     The Debtors received less than the reasonably equivalent value in exchange for the Two-Year Transfers to Jordan.

21.     The Debtors were insolvent or became insolvent as a result of the Two-Year Transfers to Jordan.

22.     On the dates that each of the Two-Year Transfers to Jordan were made, the Debtors were engaged or about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction.

23.     On the dates that each of the Two-Year Transfers to Jordan were made, the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

24.     The Debtors made the Two-Year Transfers to Jordan to or for the benefit of an insider and outside the ordinary course of business.

5311364v1

## COUNT II
### (Recovery of Two-Year Transfers to Jordan Under 11 U.S.C. § 550)

25.     The Trustee repeats and realleges paragraphs 1 through 24 of this Adversary

Complaint and incorporates them herein.

26.     Jordan was the transferee for whose benefit the Two-Year Transfers to Jordan

were made.

27.     To the extent the Two-Year Transfers to Jordan can be avoided pursuant to 11

U.S.C. § 548, the Trustee can recover the value of the Two-Year Transfers to Jordan under 11

U.S.C. § 550(a).

## COUNT III
### (Avoidance of the Four-Year Transfers to Jordan Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2))

28.     The Trustee repeats and realleges paragraphs 1-27 of this Adversary Complaint

and incorporates them herein.

29.     The Four-Year Transfers to Jordan occurred within four years prior to the Petition

Date.

30.     The Debtors did not receive reasonably equivalent value in consideration for the

Four-Year Transfers to Jordan.

31.     On the dates that each of the Four-Year Transfers to Jordan were made, the

Debtors were engaged or about to engage in a business or a transaction for which the remaining

assets of the Debtors were unreasonably small in relation to the business or transaction.

32.     On the dates that each of the Four-Year Transfers to Jordan were made, the

Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond

the Debtors' ability to pay as such debts matured.

33.     The Four-Year Transfers to Jordan were made by the Debtors to an insider.

5311364v1

34.     The Four-Year Transfers to Jordan constituted a fraudulent transfer of property within the meaning of M.G.L. c. 109A, §(5)(a)(2).

35.     As of the Petition Date, there existed at least one unsecured creditor of the Debtors who maintained the right to avoid the Four-Year Transfers to Jordan pursuant to M.G.L. ch. 109A, § 5(a)(2).

36.     As a result, the Trustee is entitled to avoid, pursuant to M.G.L. ch. 109A, § 5(a)(2), the Four-Year Transfers to Jordan.

### COUNT IV
### (Avoidance of the Four-Year Transfers to Stefany Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2))

37.     The Trustee repeats and realleges paragraphs 1-36 of this Adversary Complaint and incorporates them herein.

38.     The Four-Year Transfers to Stefany occurred within four years prior to the Petition Date.

39.     The Debtors did not receive reasonably equivalent value in consideration for the Four-Year Transfers to Stefany.

40.     On the dates that each of the Four-Year Transfers to Stefany were made, the Debtors were engaged or about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction.

41.     On the dates that each of the Four-Year Transfers to Stefany were made, the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

42.     Because of Stefany's relationship with Jordan she should be considered an "insider."  As a result, The Four-Year Transfers to Stefany were made by the Debtors to an insider.

6

43.     The Four-Year Transfers to Stefany constituted a fraudulent transfer of property within the meaning of M.G.L. c. 109A, §(5)(a)(2).

44.     As of the Petition Date, there existed at least one creditor of the Debtors who maintained the right to avoid the Four-Year Transfers to Stefany pursuant to M.G.L. ch. 109A, § 5(a)(2).

45.     As a result, the Trustee is entitled to avoid, pursuant to M.G.L. ch. 109A, § 5(a)(2), the Four-Year Transfers to Stefany.

<u>**COUNT V**</u>
**(Avoidance of the Four-Year Transfers to Jordan Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a))**

46.     The Trustee repeats and realleges paragraphs 1-45 of this Adversary Complaint and incorporates them herein.

47.     The Debtors did not receive reasonably equivalent value in consideration for the Four-Year Transfers to Jordan.

48.     On the dates that each of the Four-Year Transfers to Jordan were made the Debtors were either insolvent or became insolvent as a result thereof.

49.     The Four-Year Transfers to Jordan constituted a fraudulent transfer of property within the meaning of M.G.L. c. 109A, § 6(a).

50.     As of the Petition Date, there existed at least one unsecured creditor of the Debtors who maintained the right to avoid the Four-Year Transfers to Jordan pursuant to M.G.L. c. 109A, § 6(a).

51.     As a result, the Trustee is entitled to avoid, pursuant to 11 U.S.C. § 544(b) and M.G.L. c. 109A, § 6(a), the Four-Year Transfers to Jordan.

<u>**COUNT VI**</u>
**(Avoidance of the Four-Year Transfers to Stefany Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a))**

7

52.     The Trustee repeats and realleges paragraphs 1-51 of this Adversary Complaint and incorporates them herein.

53.     The Debtors did not receive reasonably equivalent value in consideration for the Four-Year Transfers to Stefany.

54.     On the dates that each of the Four-Year Transfers to Stefany were made the Debtors were either insolvent or became insolvent as a result thereof.

55.     The Four-Year Transfers to Stefany constituted a fraudulent transfer of property within the meaning of M.G.L. c. 109A, § 6(a).

56.     As of the Petition Date, there existed at least one unsecured creditor of the Debtors who maintained the right to avoid the Four-Year Transfers to Stefany pursuant to M.G.L. c. 109A, § 6(a).

57.     As a result, the Trustee is entitled to avoid, pursuant to 11 U.S.C. § 544(b) and M.G.L. c. 109A, § 6(a), the Four-Year Transfers to Stefany.

## COUNT VII
### (Recovery of Four-Year Transfers to Jordan Under 11 U.S.C. § 550)

58.     The Trustee repeats and realleges paragraphs 1 through 57 of this Adversary Complaint and incorporates them herein.

59.     Jordan was the transferee for whose benefit the Four-Year Transfers to Jordan were made.

60.     To the extent the Four-Year Transfers to Jordan can be avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2), the Trustee can recover the value of the Four-Year Transfers to Jordan under 11 U.S.C. § 550(a).

## COUNT VIII
### (Recovery of Four-Year Transfers to Stefany Under 11 U.S.C. § 550)

8

61.     The Trustee repeats and realleges paragraphs 1 through 60 of this Adversary Complaint and incorporates them herein.

62.     Stefany was the transferee for whose benefit the Four-Year Transfers to Stefany were made.

63.     To the extent the Four-Year Transfers to Stefany can be avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2), the Trustee can recover the value of the Four-Year Transfers to Stefany under 11 U.S.C. § 550(a).

**COUNT IX**
**(Recovery of Four-Year Transfers to Jordan Under 11 U.S.C. § 550)**

64.     The Trustee repeats and realleges paragraphs 1 through 63 of this Adversary Complaint and incorporates them herein.

65.     Jordan was the transferee for whose benefit the Four-Year Transfers to Jordan were made.

66.     To the extent the Four-Year Transfers to Jordan can be avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a), the Trustee can recover the value of the Four-Year Transfers to Jordan under 11 U.S.C. § 550(a).

**COUNT X**
**(Recovery of Four-Year Transfers to Stefany Under 11 U.S.C. § 550)**

67.     The Trustee repeats and realleges paragraphs 1 through 66 of this Adversary Complaint and incorporates them herein.

68.     Stefany was the transferee for whose benefit the Four-Year Transfers to Stefany were made.

69.     To the extent the Four-Year Transfers to Stefany can be avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a), the Trustee can recover the value of the Four-Year Transfers to Stefany under 11 U.S.C. § 550(a).

9

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment against the Defendants:

a.  Avoiding the Two-Year Transfers to Jordan as fraudulent transfers under § 548 of the Bankruptcy Code;

b.  Granting recovery of the Two-Year Transfers to Jordan by the Trustee under § 550 of the Bankruptcy Code;

c.  Avoiding the Four-Year Transfers to Jordan Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2);

d.  Avoiding the Four-Year Transfers to Stefany Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2);

e.  Avoiding the Four-Year Transfers to Jordan Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a);

f.  Avoiding the Four-Year Transfers to Stefany Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a);

g.  Granting recovery of the Four-Year Transfers to Jordan by the Trustee under § 550 of the Bankruptcy Code and avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2);

h.  Granting recovery of the Four-Year Transfers to Stefany by the Trustee under § 550 of the Bankruptcy Code and avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2);

i.  Granting recovery of the Four-Year Transfers to Jordan by the Trustee under § 550 of the Bankruptcy Code and avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a);

j.  Granting recovery of the Four-Year Transfers to Stefany by the Trustee under § 550 of the Bankruptcy Code and avoided pursuant to 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a);

k.  Awarding the Plaintiff his costs and expenses incurred in prosecuting this adversary proceeding, including without limitation, reasonable attorneys' fees and costs; and

l.  Granting the Plaintiff such other and further relief as the Court deems just and proper.

5311364v1

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE
OF THE UPPER CRUST, LLC, et al.,

By his attorneys,

/s/ Kevin F. Yetman
Kevin F. Yetman, Esq. BBO #688631
kyetman@murthalaw.com
Mark G. DeGiacomo, Esq. BBO #118170
mdegiacomo@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
Dated: August 13, 2014                    (617) 482-3868 Facsimile

5311364v1