UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| UPPER CRUST, LLC, ET. AL. ) | CASE NO. 12-18134-HJB |
| ) | |
| Debtors. ) | |
| ) | |
| MARK G. DEGIACOMO, ) | |
| CHAPTER 7 TRUSTEE OF THE UPPER CRUST ) | |
| LLC, ET AL, ) | |
| ) | ADVERSARY |
| ) | PROCEEDING |
| ) | NO. 14-01163 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JORDAN TOBINS and ) | |
| STEFANY TOBINS, ) | |
| ) | |
| Defendants. ) | |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES,
JURY DEMAND AND COUNTERCLAIM**

Jordan Tobins and Stefany Tobins (collectively "Tobins") respond to Mark G. DeGiacomo, Chapter 7 Trustee of the Upper Crust LLC's Adversary Proceeding as follows.

JURISDICTION, VENUE AND STANDING

1.     Paragraph 1 sets forth a legal conclusion to which no response is required. To the extent a response is required Tobins admit that paragraph 1 summarizes the claims that the Trustee has asserted against them. In further responding, the Tobins deny that the Trustee has asserted any valid claims against them.

2. Paragraph 2 sets forth a legal conclusion to which no response is required. To the extent a response is required, Tobins deny that this Court has jurisdiction and that is a core proceeding. In further responding, Tobins has filed a Motion to Withdraw Reference.

3. Paragraph 3 sets forth a conclusion of law to which no response is required.

## PARTIES

4. The Tobins admit that Mark G. DeGiacomo is Chapter 7 trustee of the bankruptcy estate of the Upper Crust, LLC et al. The remaining allegations set forth a conclusion of law to which no response is required.

5. Admitted.

6. Admitted.

## GENERAL ALLEGATIONS

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Tobins admit that the Debtors paid Jordan money but deny the remainder of the allegations set forth in paragraph 14.

15. Tobins admit that the Debtors paid money to Stefany but the remainder of the allegations set forth in paragraph 15 are denied.

ME1 19967738v.1

16. Tobins admit that the Upper Crust paid Jordan money but deny the remainder of the allegations.

## COUNT I
### (Avoidance of the Two-Year Transfers to Jordan Under 11 U.S.C. §548)

17. Tobins repeat and reallege their responses to paragraphs 1 to 16 of this Adversary Proceeding as if fully set forth herein.

18. Tobins admit that any transfers to Tobins between October 4, 2010 and October 4, 2012 occurred two years before the Petition was filed. Tobins deny the remainder of the allegations set forth in paragraph 18.

19. Denied.

20. Denied.

21. Tobins are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Tobins are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Tobins are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Denied.

## COUNT II
### (Recovery of Two-Year Transfers to Jordan Under 11 U.S.C. §550)

25. Tobins repeat and reallege their responses to paragraphs 1 to 24 of this Adversary Proceeding as if fully set forth herein.

26. Denied.

27. Paragraph 27 sets forth a conclusion of law to which no response is required. To the extent a response is required, Tobins deny the allegations set forth in paragraph 27.

## COUNT III
### (Recovery of the Four-Year Transfers to Jordan Under 11 U.S.C. §544(b) and M.G.L.ch. 109A, § 5(a)(2))

28. Tobins repeat and reallege their responses to paragraphs 1 to 27 of this Adversary Proceeding as if fully set forth herein.

29. Tobins admit that transfers which occurred between October 4, 2008 to October 4, 2012 occurred four years before the Petition was filed. Tobins deny the remaining allegations set forth in paragraph 29.

30. Denied.

31. Tobins are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32. Tobins are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33. Denied.

34. Denied.

35. Tobins are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36. Paragraph 36 sets forth a conclusion of law to which no response is required. To the extent a response is required, Tobins deny the allegations set forth in paragraph 36.

## COUNT IV
### (Avoidance of the Four-Year Transfers to Stefany Under 11 U.S.C. §544(b) and M.G.L.ch. 109A, § 5(a)(2))

37. Tobins repeat and reallege their responses to paragraphs 1 to 36 of this Adversary Proceeding as if fully set forth herein.

38. Tobins admit that transfers which occurred between October 4, 2008 to October 4, 2012 occurred four years before the Petition was filed. Tobins deny the remaining allegations set forth in paragraph 38.

39. Denied.

40. Tobins is without knowledge or information sufficient to form a belief of the allegations set forth in paragraph 40.

41. Tobins is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41.

42. Paragraph 42 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 42 are denied.

43. Paragraph 43 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 43 are denied.

44. Tobins is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45. Paragraph 45 sets forth a conclusion of law to which no response is required. To the extent a response is required, Tobins deny the allegations set forth in paragraph 45.

## COUNT V
### (Avoidance of the Four-Year Transfers to Jordan Under 11 U.S.C. §544(b) and M.G.L.ch. 109A, § 6(a))

46. Tobins repeat and reallege their responses to paragraphs 1 to 45 of this Adversary Proceeding as if fully set forth herein.

47. Denied.

48. Tobins is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Paragraph 49 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 49 are denied.

50. Tobins is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50.

51. Paragraph 51 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 51 are denied.

## COUNT VI
### (Avoidance of the Four-Year Transfers to Stefany Under 11 U.S.C. §544(b) and M.G.L.ch. 109A, § 6(a))

52. Tobins repeat and reallege their responses to paragraphs 1 to 51 of this Adversary Proceeding as if fully set forth herein.

53. Denied.

54. Tobins are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55. Paragraph 55 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

56. Tobins is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

57. Paragraph 57 sets forth a conclusion of law to which no response is required. To the extent a response is required, these allegations are denied.

## COUNT VII
### (Recovery of Four-Year Transfers to Jordan Under 11 U.S.C. §550)

58. Tobins repeat and reallege their responses to paragraphs 1 to 57 of this Adversary Proceeding as if fully set forth herein.

59. Denied.

60. Paragraph 60 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 60 are denied.

## COUNT VIII
### (Recovery of Four-Year Transfers to Stefany Under 11 U.S.C. §550)

61. Tobins repeat and reallege their responses to paragraphs 1 to 60 of this Adversary Proceeding as if fully set forth herein.

62. Denied.

63. Paragraph 63 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 63 are denied.

## COUNT IX
### (Recovery of Four Year Transfers to Jordan Under 11 U.S.C. §550)

64. Tobins repeat and reallege their responses to paragraphs 1 to 63 of this Adversary Proceeding as if fully set forth herein.

65. Denied.

66. Paragraph 66 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 66 is denied.

## COUNT X
### (Recovery of Four-Year Transfers to Stefany Under 11 U.S.C. §550)

67. Tobins repeat and reallege their responses to paragraphs 1 to 67 of this Adversary Proceeding as if fully set forth herein.

68. Denied.

69. Paragraph 69 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 69 are denied.

### FIRST AFFIRMATIVE DEFENSE

The Adversary Proceeding fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this action as it is non-core and Tobins have demanded a jury trial.

### THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the Settlement Agreement and Mutual Release which is attached as **Exhibit A**.

### FOURTH AFFIRMATIVE DEFENSE

The Trustee has failed to plead his claims for fraudulent conveyance with particularity.

### FIFTH AFFIRMATIVE DEFENSE

Tobins are entitled to off-set any amount of liability against the consideration previously provided to the Upper Crust.

WHEREFORE, the Tobins request that the Court

(a) dismiss all claims asserted by the Trustee against them with prejudice;

ME1 19967738v.1

    (b)    award the Tobins all costs and attorneys' fees they have incurred in defending this action; and

    (c)    award the Tobins such other and further relief that is just and appropriate.

## COUNTER CLAIM

## INTRODUCTION

1. Jordan Tobins ("Jordan") is a former member and manager of the Upper Crust LLC (the "Upper Crust") who, with Joshua Huggard ("Huggard") and Brendan Higgins ("Higgins") operated a series of pizza restaurants known as the Upper Crust. After allegedly discovering that Jordan and his then-girlfriend and now-wife Stefany Tobins ("Stefany," together with Jordan, the "Tobins") diverted funds from the Upper Crust, Huggard and Higgins both individually and derivatively on behalf of the Upper Crust filed an action seeking to recover these funds. By Settlement Agreement and Mutual Release dated July 31, 2013, the Upper Crust released all claims against Jordan and Stefany including claims for alleged diversion of proceeds.

2. Mark G. DeGiacomo, the Chapter 7 Trustee of the estate of the Upper Crust (the "Trustee") ignored the terms of the Settlement Agreement and filed an adversary proceeding asserting the same claims (i.e. diversion of proceeds) against the same parties (Jordan and Stefany) that the Upper Crust previously released. By this Action, the Tobins seek their damages as a result of the Trustee's breach of the Settlement Agreement and equitable relief in the form of an order requiring the Trustee to specifically perform under the Settlement Agreement.

## PARTIES

3. Jordan and Stefany are individuals and reside at Osterville, Massachusetts.

4. Mark G. DeGiacomo is the Chapter 7 Trustee (previously defined as, the "Trustee") for the bankruptcy estate of the Upper Crust LLC, et al.

# FACTS

1. In or around 2005, Jordan, Huggard and Higgins formed the Upper Crust, which was the sole member of approximately fourteen (14) single-asset limited liability companies, which did business as the Upper Crust.

2. On or about April 5, 2012, the Upper Crust, among others, filed an action against Jordan and Stefany, two other corporations formed by Jordan (Coletrain LLC and Coleman LLC), and the Upper Crust's former accountant in Massachusetts Superior Court, Suffolk County, C.A. No. 12-1346 (the "Lawsuit"). A copy of the Complaint is attached hereto as **Exhibit B**.

3. The Upper Crust sought to recover money allegedly diverted by Jordan and others for personal purposes. In particular, the Lawsuit alleged *inter alia* that:

- "Jordan charged over $750,000 [to corporate credit cards] for purposes that had no relationship whatsoever to the Upper Crust business;" and

- "Jordan misused corporate checks for personal expenses, including the down payment on a personal residence, furnishing and improving three residences, boat maintenance and dockage, and the lease of three Mercedes Benz cars."

4. The Upper Crust alleged that Jordan's "total improper gain could exceed one million dollars." The Upper Crust also alleged that Stefany improperly received payroll checks from the Upper Crust exceeding $27,000 despite the fact that she did not provide services for the Upper Crust.

5. By "Settlement Agreement And Mutual Release" dated July 31, 2012, the Upper Crust agreed that in exchange for a payment of $250,000 and other assumption of debt by Jordan that it "shall" dismiss the litigation "with prejudice," release the Tobins, and agreed not to "file, charge, claim or sue" the Tobins. A copy of the Settlement Agreement is attached as **Exhibit A**.

6. Specifically, the Settlement Agreement provided *inter alia*:

18. Tobins will pay or cause to be paid, by cash, bank check or wired funds, $250,000 to the Upper Crust, said payment to be made no later than October 1, 2012 (the "Closing Payment") and shall be made to an account or payee as designated by the Upper Crust in writing. Upon receipt of said Closing Payment: . . .

[c.] The Litigation shall be dismissed with prejudice, with all rights of appeal waived and each side bearing its own costs and attorneys' fees.

\*\*\*

22. Tobins, Coletrain, Coleman, and/or Cocobling will assume, pay and resolve the following liabilities as they become due

    a. The class action liability (<u>Pinto, et al. v. Upper Crust el al.</u>, Massachusetts Suffolk Superior Court, Civil Action No. 2010-02847) up to $250,000. Tobins, Coletrain, Coleman and/or Cocobling agree to pay 24% of any amounts paid over $250,000 and, Higgins/Huggard, Upper Crust and/or JJB will pay 76% of any such excess.

    b. The liability to the Department of Labor ("DOL") which may result from settlement or trial on account of the ongoing investigation by the DOL of the Former Upper Crust Entities.

    c. 24% of the liability in the action <u>ZVI Construction Company, LLC v. The Upper Crust, LLC et al.</u>, Massachusetts Superior Court, Civil Action No. 2012-1369, with Huggard/Higgins, Upper Crust and/or JJB paying 76% of such liability.

\*\*\*

26. Notwithstanding the foregoing, Tobins agrees to pay any amounts due his grandmother loaned by her to the Former Upper Crust Entities . . . .

28. Subject to the foregoing, the Huggard/Higgins Parties and Hurley do hereby remise, release and forever discharge the Tobins Parties of and from any and all debts, actions, causes of, [sic] action, suits, accounts, covenants, contracts, omissions, liens, controversies, agreements, damages, and any and all claims, sums of money, demands and liabilities whatsoever of every name and nature, both in law and equity, known or unknown, direct or derivative, which the Huggard/Higgins Parties and/or Hurley now

> have or ever had against any of the Tobins Parties, including those claims which were or could have been asserted in the Litigation. The Huggard/Higgins Parties and Hurley further agree and promise that they will not file, charge, claim, sue or cause or permit to be filed or charged, any action or claim for damages or other relief against any of the Tobins Parties for any matter arising from the creation of this earth to the date of the execution of this Agreement. Nothing in the foregoing release shall relieve the Tobins Parties of their obligations under this Agreement or for any act occurring after the receipt of the Closing Payment.
>
> \*\*\*
>
> 35.     This Agreement was negotiated in good faith and constitutes a fair and reasonable resolution of this dispute. . .

7.  To the extent that any disputes arose under the Settlement Agreement, the parties agreed that the dispute "shall" be mediated by Thomas Maffei and if not settled by mediation, "Mr. Maffei shall decide the matter in binding Arbitration."

8.  On September 28, 2012, Jordan caused $250,000 to be paid to the Upper Crust by having the funds wired to the Upper Crust's counsel.

9.  Although obligated to file a stipulation of dismissal, the Upper Crust failed to do so and the Lawsuit remains active (but administratively stayed). Instead, on October 4, 2012, the Upper Crust filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

10. In recognition of his obligations under the terms of the Settlement Agreement, Jordan has resolved the class action and investigation by the DOL, the parties entered into a settlement agreement with ZVI Construction Company LLC ("ZVI"), and refrained from asserting claims against the Estates.

11. On March 6, 2013, the Upper Crust's cases were converted to Chapter 7 and Mark DeGiacomo was appointed as the Chapter 7 trustee.

12. By letters dated January 29, 2014, the Trustee demanded payments from both Jordan and Stefany. A copy of the Demands is attached as **Exhibit C**.

13. The Demands omitted any reference to the Settlement Agreement. Instead, the Demands summarily concluded that the Tobins received a series of what the Trustee believe to be fraudulent transfers and requested payment in the amount of approximately $1.38 million.

14. By letter dated February 14, 2014, Tobins responded to the Demands (the "Response"). A copy of the Response is attached as **Exhibit D**.

15. In the Response, the Tobins denied that any funds they received were "fraudulently transferred," denied they are obligated to pay any funds to the bankruptcy estates of the Upper Crust, and rejected the Trustees' attempt to avoid the Settlement Agreement, which specifically bars the assertion and prosecution of these claims.

16. On August 13, 2014, the Trustee filed an Adversary Complaint against the Tobins claiming that the Tobins diverted funds from the Upper Crust to themselves. A copy of the Adversary Complaint is attached as **Exhibit E**.

17. The Adversary Complaint fails to provide any specific details regarding any of the alleged "fraudulent transfers" but rather summary concludes in three paragraphs that:

- "[B]eginning in or around the end of 2007, Jordan began transferring funds belonging to the Debtors to himself to pay for personal expenses and to support his extravagant lifestyle with his then girlfriend and alleged employee of the Debtors, Stefany;"

- "During the period of October 4, 2008 through the Petition Date, the Debtors transferred, other than salary, a total of $1,372,592.00 to or for Jordan's benefit (the 'Four-Year Transfers to Jordan'). These transfers were used to pay for personal real estate or other personal expenses . . . .;" and

- "During the period of October 4, 2008 through the Petition Date, the Debtors transferred, other than salary, a total of $49,934.00 to Stefany (the 'Four-Year Transfers to Stefany [sic]) an alleged employee who actually performed little or no services for the Debtors. These transfers were made to or for Stefany's benefit to pay personal expenses and to pay insurance premiums . . . ."

18. Based upon these factual allegations, the Trustee asserted eleven claims for fraudulent conveyance against the Tobins.

## CLAIMS

### COUNT I – BREACH OF CONTRACT

19. The Tobins repeat and reallege the allegations contained in Paragraphs 1 to 21 of their counterclaim as if expressly rewritten herein.

20. Tobins and the Upper Crust entered into the Settlement Agreement on July 31, 2012 pursuant to which the Upper Crust released all of its claims against the Tobins and agreed not to sue them.

21. The Trustee breached the Settlement Agreement by *inter alia* filing an adversary proceeding against the Tobins.

22. As a result of the Trustee's breach of the Settlement Agreement, the Tobins have incurred, and continue to incur, damages.

### COUNT II - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23. The Tobins repeat and reallege the allegations contained in Paragraphs 1 to 25 of their counterclaim as if expressly rewritten herein.

24. At all times relevant, the Trustee had a duty to act in good faith and diligently perform his obligations under the Settlement Agreement.

ME1 19967738v.1

25. The Trustee breached his duty by *inter alia* filing this action.

25. As a result of the breach of the covenant of good faith and fair dealing, the Tobins have incurred, and continues to incur, damages.

### **COUNT III — VIOLATION OF G.L. C. 93A, §§ 2,11**

26. The Tobins repeat and reallege the allegations contained in Paragraphs 1 to 39 of their counterclaim as if expressly rewritten herein.

27. At all times relevant hereto, the Tobins and the Trustee were engaged in the conduct of trade or commerce as defined in G.L. c. 93A, §§ 2, 11.

28. The Trustee committed unfair and deceptive acts and practices declared unlawful under the provisions of G.L. c. 93A, §§ 2, 11 and the interpretive regulations and case law related thereto. The actions of the Trustee which constitute violations of G.L. c. 93A include, without limitation, willfully and intentionally breaching the Settlement agreement after the Tobins performed all obligations (including making a $250,000 payment to the Upper Crust), by *inter alia* filing the Adversary Proceeding, and seeking to use such proceeding to leverage the Tobins to make payments beyond what was required by the Settlement Agreement.

29. The Trustee's unfair and deceptive conduct occurred primarily and substantially in Massachusetts.

30. As a result of the Trustee's unfair and deceptive conduct, the Tobins have incurred, and continue to incur, damages.

WHEREFORE, the Tobins request that the Court:

(a) enter judgment against the Trustee on Counts I, II, awarding the Tobins damages;

(b) enter judgment against the Trustee on Count III in an amount of no less than double and no more than treble Tobins damages plus interest, costs and attorney's fees;

(c) award the Tobins their costs and attorneys fees incurred in action;

(d) award such other and further relief that is just and reasonable.

## THE TOBINS DEMAND A JURY ON ALL CLAIMS SO TRIABLE

        Defendants
        JORDAN TOBINS and
        STEFANY TOBINS
        By their attorneys,

        */s/ Richard E. Briansky*
        Richard E. Briansky (BBO# 632709)
        Amy B. Hackett (BBO# 676345)
        McCarter English, LLP
        265 Franklin Street
        Boston, MA 02110
        Phone: (617) 449-6568
        Fax:   (617) 607-9312
        rbriansky@mccarter.com
        ahackett@mccarter.com

Dated: May 12, 2015

## CERTIFICATE OF SERVICE

I, Richard E. Briansky, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as follows on May 12, 2015.

        */s/ Richard E. Briansky*

ME1 19967738v.1