UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 7 |
| THE UPPER CRUST, LLC, et al.,[1] | ) | CASE NO. 12-18134-HJB |
| | ) | |
| Debtors. | ) | |
| MARK G. DEGIACOMO, | ) | |
| CHAPTER 7 TRUSTEE OF THE UPPER | ) | |
| CRUST, LLC et al., | ) | ADVERSARY PROCEEDING |
| | ) | NO. 14-01163 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JORDAN TOBINS and | ) | |
| STEFANY TOBINS, | ) | |
| | ) | |
| Defendants. | ) | |

## TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO THE DEFENDANTS' COUNTERCLAIM

The Plaintiff, Mark G. DeGiacomo, the Chapter 7 trustee of the estates of the Upper

Crust, LLC, et al., (the "Trustee"), submits this Answer and Affirmative Defenses to the

Defendants' Counterclaim (the "Answer") as follows:

## INTRODUCTION

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

1

6150632v1

1. Admitted but for the last paragraph concerning the Settlement Agreement. The Settlement Agreement speaks for itself.

2. The Trustee admits that he filed an adversary proceeding asserting similar claims against the same parties that the Upper Crust had previously asserted. Further answering, the Trustee states the last sentence is a legal conclusion to which no response is required. The Trustee denies the remaining allegations contained in Paragraph 2.

## PARTIES

3. Admitted.

4. Admitted.

## FACTS

1. Admitted.

2. Admitted.

3. The Complaint filed in the Lawsuit speaks for itself.

4. The Complaint filed in the Lawsuit speaks for itself.

5. The Settlement Agreement speaks for itself.

6. The Settlement Agreement speaks for itself.

7. The Settlement Agreement speaks for itself.

8. The Trustee admits that $250,000 was paid by Ditmars Limited to Upper Crust's counsel.

9. The Trustee admits that a stipulation of dismissal was never filed and that on October 4, 2012, the Upper Crust filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. The Trustee denies the remaining allegations contained in Paragraph 9.

10. Denied.

11. Admitted.

12. Admitted.

13. The Trustee states that his Demands are written documents, the contents of which speak for themselves.

14. Admitted.

15. The Trustee states that the Response is a written document, the contents of which speak for itself.

16. Admitted.

17. The Trustee admits that the quoted language in paragraph 17 appears in his Adversary Complaint. The Trustee denies the remaining allegations contained in paragraph 17.

18. The Trustee admits he asserted eleven claims for fraudulent conveyance against the Tobins but denies the remaining allegations contained in Paragraph 18.

## CLAIMS

### COUNT 1 – BREACH OF CONTRACT

19. The Trustee hereby incorporates its responses to Paragraphs 1 through 18 above as if fully set forth herein.

20. The Settlement Agreement speaks for itself.

21. Denied.

22. Denied.

### COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23. The Trustee hereby incorporates its responses to Paragraphs 1 through 22 above as if fully set forth herein.

6150632v1

24. Denied.

25. Denied.

25.[sic] Denied.

## COUNT III – VIOLATION OF G.L. C. 93A, §§ 2, 11

26. The Trustee hereby incorporates its responses to Paragraphs 1 through 25 above as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## TRUSTEE'S AFFIRMATIVE DEFENSES

1. The Defendants' claims against the bankruptcy estate are barred because the Defendants fail to state a claim upon which relief may be granted.

2. The Defendants' claims against the bankruptcy estate are barred or limited by the doctrine of waiver, laches and estoppel.

3. The Defendants have not suffered any recoverable damages.

4. The Defendants' claims against the bankruptcy estate are barred or limited to the extent that its claims seek the entry of judgment and affirmative recovery against the Trustee and/or the bankruptcy estate.

5. Neither the Trustee nor the bankruptcy estate has contractual or other relationship with the Defendants such that they owe any legal duties or obligations to the Defendants.

6. The Trustee was not engaged in the conduct of trade or commerce as defined under M. G. L. c. 93A.

6150632v1

Respectfully Submitted,

MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE
OF THE UPPER CRUST, LLC ET AL.

By his attorneys,

/s/ Kevin F. Yetman
Kevin F. Yetman, Esq.  (BBO# 688631)
kyetman@murthalaw.com
Ryan M. MacDonald, Esq. (BBO# 654688)
rmacdonald@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000

Dated: June 2, 2015

## CERTIFICATE OF SERVICE

I, Kevin F. Yetman, hereby certify that this document was filed through the Court's ECF System on June 2nd, 2015 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kevin F. Yetman