UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| THE UPPER CRUST, LLC, et al.,[1] | ) ) | CHAPTER 7<br>CASE NO. 12-18134-JNF |
| Debtors. | ) ) ) | |
| MARK G. DEGIACOMO,<br>CHAPTER 7 TRUSTEE OF THE UPPER<br>CRUST, LLC et al., | ) ) ) ) | ADVERSARY PROCEEDING<br>NO. 14-01163 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JORDAN TOBINS and<br>STEFANY TOBINS, | ) ) ) | |
| Defendants. | ) ) ) | |

**TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal District Court Local Rule 56.1, as made applicable to this proceeding by MLBR 7056-1, Mark G. DeGiacomo, the Chapter 7 trustee (the "Trustee") of the estates of the Upper Crust, LLC, et al. (collectively the "Debtors") hereby submits this Motion for Partial Summary Judgment. Specifically, the Trustee requests that this Court rule as a matter of law that Jordan Tobins' and Stefany Tobins' ("Jordan" and "Stefany", collectively the "Defendants")

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

1

affirmative defense of release that was asserted in their Amended Answer and Counterclaim[2] is not a bar to the Trustee's Section 544 Claims because the Tobins Release was from the Debtors and the Trustee is not asserting the Section 544 Claims standing in the shoes of the Debtor but rather he is standing in the shoes of an unsecured creditor pursuant to his avoidance powers under 11 U.S.C. § 544(b).  Additionally, the Trustee's Section 548 Claims are not precluded by the Tobins Release as a matter of law because the Trustee has exclusive right to bring fraudulent transfer actions on behalf of creditors under 11 U.S.C. § 548 and the Trustee's Section 548 Claims against the Defendants are not subject to the defenses that the Defendants may have against the Debtors.  Furthermore, summary judgment should enter in favor of the Trustee on the Defendants' Counterclaims because these claims are predicated on the assumption that the Trustee violated the terms of the Tobins Release by filing the Adversary Complaint.  For the reasons set forth in the attached Memorandum of Law in Support of his Motion for Partial Summary Judgment (the "Memorandum of Law"), the Tobins Release does not preclude the Trustee's Fraudulent Transfer Claims as a matter of law.  Therefore, the Trustee cannot violate the terms of the Tobins Release in the Settlement Agreement by filing the Adversary Complaint if the Tobins Release neither precludes nor is applicable to the Trustee's Fraudulent Transfer Claims.

In further support of his Motion for Partial Summary Judgment, the Trustee relies on the Statement of Material Facts and Memorandum of Law filed herewith.

.

---

[2] Capitalized terms not otherwise defined herein shall have the same mean ascribed to such capitalized terms set forth in the Statement of Undisputed Material Facts in Support of the Chapter 7 Trustee's Motion for Partial Summary Judgment.

2

WHEREFORE, the Trustee requests that the Court allow its Motion for Partial Summary Judgment and rule as a matter of law that the Defendants' Third Affirmative defense of release asserted in their Amended Answer and Counterclaim is not a bar to the Trustee's Section 544 and Section 548 Claims and that summary judgment should enter in favor of the Trustee on the Defendants' Counterclaims.

        Respectfully submitted,

        MARK G. DEGIACOMO, CHAPTER 7
        TRUSTEE OF THE UPPER CRUST LLC, ET. AL,

        By his attorneys,

        /s/  Kevin F. Yetman
        Ryan M. MacDonald, Esq. BBO #654688
        Kevin F. Yetman, Esq. BBO #688631
        Murtha Cullina LLP
        99 High Street, 20th Floor
        Boston, MA  02110
        (617) 457-4000 Telephone
        (617) 482-3868 Facsimile
        rmacdonald@murthalaw.com

Dated: April 29, 2016        kyetman@murthalaw.com

## CERTIFICATE OF SERVICE

I, Kevin F. Yetman, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Kevin F. Yetman