UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| THE UPPER CRUST, LLC, et al.,[1] ) | CASE NO. 12-18134-JNF |
| ) | |
| Debtors. ) | |
| ) | |
| MARK G. DEGIACOMO, ) | |
| CHAPTER 7 TRUSTEE OF THE UPPER ) | |
| CRUST, LLC et al., ) | ADVERSARY PROCEEDING |
| ) | NO. 14-01163 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| JORDAN TOBINS and ) | |
| STEFANY TOBINS, ) | |
| ) | |
| Defendants. ) | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal District Court Local Rule 56.1, as made applicable to this proceeding by MLBR 7056-1, Mark G. DeGiacomo, the Chapter 7 trustee (the "Trustee") of the estates of the Upper Crust, LLC, et al. (collectively the "Debtors") hereby submits this Memorandum of Law in support of his Motion for Partial Summary Judgment. Specifically, the Trustee requests that this Court rule as a matter of law that Jordan Tobins' and Stefany Tobins' ("Jordan" and

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

1

"Stefany", collectively the "Defendants") affirmative defense of release that was asserted in their Amended Answer and Counterclaim[2] is not a bar to the Trustee's Section 544 Claims because the Tobins Release was from the Debtors and the Trustee is not asserting the Section 544 Claims standing in the shoes of the Debtor but rather he is standing in the shoes of an unsecured creditor pursuant to his avoidance powers under 11 U.S.C. § 544(b).  Additionally, the Trustee's Section 548 Claims are not precluded by the Tobins Release as a matter of law because the Trustee has the exclusive right to bring fraudulent transfer actions on behalf of creditors under 11 U.S.C. § 548 and the Trustee's Section 548 Claims against the Defendants are not subject to the defenses that the Defendants may have against the Debtors.  Furthermore, summary judgment should enter in favor of the Trustee on the Defendants' Counterclaims because these claims are predicated on the assumption that the Trustee violated the terms of the Tobins Release by filing the Adversary Complaint.  For the reasons set forth herein, the Tobins Release does not preclude the Trustee's Fraudulent Transfer Claims as a matter of law.  Therefore, the Trustee cannot violate the terms of the Tobins Release in the Settlement Agreement by filing the Adversary Complaint if the Tobins Release neither precludes nor is applicable to the Trustee's Fraudulent Transfer Claims.

In further support of his Motion for Partial Summary Judgment, the Trustee relies on the Statement of Material Facts filed herewith.

## SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such capitalized terms set forth in the Statement of Undisputed Material Facts in Support of the Chapter 7 Trustee's Motion for Partial Summary Judgment (the "Statement of Material Facts")

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...” on a claim or defense.  Fed. R. Civ. P. 56(c).  Thus, “a party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists.” E.E.O.C. v. Steamship Clerks Union, Local 1066, 48 F.3d 594, 602-03 (1st Cir. 1995).  "Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Once the moving party has satisfied its burden, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine, triable issue." In re McCabe, 345 B.R. 1, 5 (D. Mass. 2006).

Summary judgment must be denied if "there is enough competent evidence to enable a finding favorable to the nonmoving party."  Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993), citing Anderson, 477 U.S. at 249.  To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact.  See Coyne v. Taber Partners I, 53 F.3d 454, 457 (1st Cir. 1995).  A fact is "material" if it potentially could affect the suit's outcome.  Rodríguez–Rivera v. Federico Trilla Regional Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008); see Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  "An issue concerning such a fact is 'genuine' if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor."  Cortes-Irizarry v. Corporacion Insular De Seguros, 111 F.3d 184, 187 (1st Cir. 1997); see Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).  When all is said and done, the Court "must 'view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'"  McCarthy v. Northwest

3

Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995), citing Griggs–Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

Furthermore, issues of credibility are not a proper subject on summary judgment; in fact, "any such credibility determinations are for the factfinder at trial, not for the court at summary judgment." Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 49 (1st Cir. 1999). "Consequently, when the non-moving party presents direct evidence refuting the moving party's motion for summary judgment, the court must accept that evidence as true." Fraser & Wise, P.C. v. Primarily Primates, Inc., 966 F.Supp. 63, 70 (D. Mass. 1996) (internal quotations omitted).

## ARGUMENT

### I. THE TOBINS RELEASE IN THE SETTLEMENT AGREEMENT DOES NOT PRECLUDE THE SECTION 544 CLAIMS BECAUSE THE TRUSTEE IS ASSERTING THESE CLAIMS PURSUANT TO HIS POWERS AS AN UNSECURED CREDITOR UNDER 11 U.S.C. § 544(b)(1)

Section 544(b)(1) provides that "the trustee may avoid any transfer or an interest of the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. § 544(b)(1) (emphasis added). "Section 544(b)…permits the estate representative to wear the mantel of an actual unsecured creditor who could have avoided a prepetition transfer under applicable non-bankruptcy law." In re Tri-Star Techs. Co., Inc., 260 B.R. 319, 323-24 (Bankr. D. Mass. 2001) (internal citations omitted).

Here, the Trustee asserted the Section 544 Claims in the Adversary Complaint pursuant to Section 544(b)(1). (SMF, ¶ 6). Therefore, the Trustee did not bring the Section 544 Claims standing in the shoes of the Debtors. In re Tri-Star Techs. Co., Inc., 260 B.R. at 323-24. Instead, the Trustee brought these claims wearing the mantel of and standing in the shoes of an unsecured creditor of the Debtor. Id. The Defendants' Release Defense relies on the applicability of the

4

Tobins Release that the Defendants received from the Debtor in the Settlement Agreement. (SMF, ¶ 8). Their reliance is misplaced because the Tobins Release is not applicable to the Section 544 Claims since the Trustee asserted these claims pursuant to his avoidance powers and standing in the shoes of an general unsecured creditor under 11 U.S.C. § 544(b)(1). Accordingly, the Court should enter an order allowing the Trustee's Motion for Partial Summary Judgment and rule that as a matter of law that the Defendants third affirmative defense of release in their Amended Answer and Counterclaim is not applicable to the Section 544 claims.

**II.    THE TOBINS RELEASE IN THE SETTLEMENT AGREEMENT DOES NOT PRECLUDE THE SECTION 548 CLAIMS BECAUSE THE TRUSTEE HAS EXCLUSIVE STANDING TO BRING FRAUDULENT TRANSFER CLAIMS**

While the Trustee obtains avoidance powers from applicable state law under 11 U.S.C. § 544(b), 11 U.S.C. § 548(a) codifies the Trustee's ability to avoid fraudulent transfers under federal law. The Trustee is the only party that has standing to pursue fraudulent transfer claims under 11 U.S.C § 548 on behalf of the Debtors' bankruptcy estate and for the benefit of its creditors. In re Pearlman, 472 B.R. 115, 121-22 (Bankr. M.D. Fla.), aff'd, 478 B.R. 448 (M.D. Fla. 2012). ("[O]nly the trustee can bring federal and state law fraudulent transfer actions to recover property for the bankrupt estate." In In re Pearlman, the Court rejected the defendant transferee's argument that the *in pari delicto* defense precludes the trustee's fraudulent transfer claims under 11 U.S.C. §§ 544 and 548. Id. at 122-123. In rejecting the defendant's argument the Court stated, "as a general rule, plaintiffs in fraudulent conveyance actions are not subject to defenses that could be raised against the debtor." Id. at 123 (internal citations omitted). The Court went on to state that, "the Bankruptcy Code specifically charges the trustee with the task of recovering fraudulent transfers by the debtor for the benefit of the estate…Holding a trustee lacks standing to pursue these actions would gut a trustee's avoidance powers entirely." Id.

5

Here, the Trustee is seeking to avoid and recover certain transfers as fraudulent transfers that the Debtors made to Jordan and Stefany under 11 U.S.C. §§ 548 and 550. (SMF, ¶ 6). The Defendants have asserted that the Tobins Release in the Settlement Agreement constitutes a complete defense to and precludes the Trustee's Section 548 Claims. (SMF, ¶ 9). However, similar to the *in pari delicto* defense in In re Pearlman, the Defendants' Release Defense is a defense that could only be asserted against the Debtors not the Trustee. In re Pearlman, 472 B.R. at 121. Because the Release Defense is a defense against any claim that might be brought by the Debtors, it cannot as a matter of law be asserted as a defense against the Trustee's Section 548 Claims. Accordingly, the Court should enter an order allowing the Trustee's Motion for Partial Summary Judgment and rule that as a matter of law the Defendants third affirmative defense of release is not applicable to the Section 548 claims.

### III. THE COUNTERCLAIMS FAIL AS A MATTER OF LAW BECAUSE THE FRAUDULENT TRANSFER CLAIMS ASSERTED AGAINST THE DEFENDANTS IN THE ADVERSARY COMPLAINT DO NOT VIOLATE THE TERMS OF THE TOBINS RELEASE

For the reasons discussed above, the Tobins Release in the Settlement Agreement is not a bar to the Trustee's Fraudulent Transfer Claims against the Defendants under 11 U.S.C. §§ 544 and 548. Here, the Defendants' alleged theory of liability in each of their Counterclaims is that the Trustee breached his purported duty to the Defendants under the Settlement Agreement or engaged in purported unfair and deceptive conduct by filing the Adversary Complaint in violation of the terms of the Tobins Release. Because the Tobins Release does not preclude and is not applicable to the Trustee's Fraudulent Transfer Claims against the Defendants, the Trustee's filing of the Adversary Complaint cannot as a matter of law constitute a breach of (a) the terms of the Tobins Release, (b) the implied covenant of good faith and fair dealing, or be deemed to constitute unfair and deceptive conduct for purposes of M.G.L. c. 93A. Therefore, the

Defendant's Counterclaims fail as a matter of law. Accordingly, the court should enter an order granting summary judgment in favor of the Trustee on the Counterclaims.

## CONCLUSION

For the reasons set forth herein, Mark G. DeGiacomo, the Chapter 7 Trustee, respectfully requests that this Court grant his Motion for Partial Summary Judgment in favor of the Trustee with respect to (1) the Defendants' Third Affirmative Defense of release in their Amended Answer and Counterclaim and (2) the Defendant's Counterclaims.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE UPPER CRUST LLC, ET. AL,

By his attorneys,

/s/ Kevin F. Yetman
Ryan M. MacDonald, Esq. BBO #654688
Kevin F. Yetman, Esq. BBO #688631
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile
rmacdonald@murthalaw.com
kyetman@murthalaw.com

Dated: April 29, 2016

## CERTIFICATE OF SERVICE

I, Kevin F. Yetman, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kevin F. Yetman

6974299v2