UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| THE UPPER CRUST, LLC, et al.,[1] | ) ) | CHAPTER 7 CASE NO. 12-18134-JNF |
| Debtors. | ) ) ) | |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE UPPER CRUST, LLC et al., | ) ) ) ) | ADVERSARY PROCEEDING NO. 14-01163 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JORDAN TOBINS and STEFANY TOBINS, | ) ) ) | |
| Defendants. | ) ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE CHAPTER 7 TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal District Court Local Rule 56.1, as made applicable to this proceeding by MLBR 7056-1, Mark G. DeGiacomo, the Chapter 7 trustee (the "Trustee") of the estates of the Upper Crust, LLC, et al. (collectively the "Debtors") hereby submits his statement of material facts ("Trustee's Statement of Facts") in support of his Motion for Partial Summary Judgment.

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

6974085v2

1.      On October 4, 2012, the Debtors filed voluntary petitions pursuant to Chapter 11 of the United States Bankruptcy Code (the "Petition Date"). [Stipulated Facts Section in Joint Pretrial Stipulation, Rule 26(f) Report and Certification and Joint Proposed Discovery Plan [Docket No. 39] (the "Joint Stipulated Facts"), ¶ 1].

2.      On November 7, 2012, the Trustee was appointed as the Chapter 11 Trustee of the Debtors' jointly administered cases. [Joint Stipulated Facts, ¶ 2].

3.      On March 6, 2013, the Court entered an order converting the Debtors' jointly administered cases to Chapter 7 and the Trustee was appointed as the Chapter 7 Trustee of the Debtors' jointly administered cases. [Joint Stipulated Facts, ¶ 3].

4.      On August 13, 2014, the Trustee filed an Adversary Complaint against Jordan Tobins and Stefany Tobins ("Jordan" and "Stefany", collectively "the Defendants"). [Docket No. 1].

5.      In Counts I and II of the Adversary Complaint, the Trustee asserted claims against Jordan to avoid and recover certain transfers as fraudulent transfers pursuant to 11 U.S.C §§ 548 and 550 that the Debtors made to Jordan (collectively the "Section 548 Claims"). [Docket No. 1, ¶¶ 17-27].

6.      In Counts III-X the Trustee asserted claims against the Defendants to avoid and recover certain transfers as fraudulent transfers pursuant the Trustee's avoidance powers under 11 U.S.C. §§ 544(b) and 550 and M.G.L. Ch. 109A that the Debtors made to the Defendants (the "Section 544 Claims") (the Section 548 Claim and Section 544 Claims are collectively the "Fraudulent Transfer Claims"). [Docket No. 1, ¶¶ 28-69].

7.      Prior to the Petition Date, the Debtors and the Defendants executed a Settlement Agreement and Mutual Release dated July 31, 2012 (the "Settlement Agreement"). [Exhibit A to

Affidavit of Ryan M. MacDonald, Docket No. 52].

8. Paragraph 28 of the Settlement Agreement contains the purported release and covenant not to sue from the Debtors upon which the Defendants base their Third Affirmative Defense of release (the "Tobins Release").  [Id.].

9. The Defendants' Amended Answer, Affirmative Defenses, Jury Demand and Counterclaim (the "Amended Answer and Counterclaim") to the Trustee's Adversary Complaint asserts as the Third Affirmative Defense that "the Trustee's claims are barred by the Settlement Agreement and Mutual Release...." (the "Release Defense").  [Amended Answer and Counterclaim, Docket No. 32].

10. In the Amended Answer and Counterclaim the Defendants assert the following three counterclaims against the Trustee: breach of contract (count I), breach of covenant of good faith and fair dealing (count II) and violation of M.G.L. c. 93A, §§ 2 and 11 (count III) (collectively the "Counterclaims") [Amended Answer and Counterclaim, ¶¶ 19-30].

11. The Defendants' theory of liability against the Trustee with respect to each of the Counterclaims is based on the assumption that the Tobins Release is a bar to the Fraudulent Transfer Claims in the Adversary Complaint and that Trustee purportedly breached his duty to the Defendants under the Settlement Agreement and engaged in unfair and deceptive conduct by filing the Adversary Complaint against the Defendants. [Id.].

                                                Respectfully submitted,

                                                MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE UPPER CRUST LLC, ET. AL,

By his attorneys,

/s/  Kevin F. Yetman
Ryan M. MacDonald, Esq. BBO #654688
Kevin F. Yetman, Esq. BBO #688631
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA  02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile
rmacdonald@murthalaw.com

Dated: April 29, 2016                    kyetman@murthalaw.com

## CERTIFICATE OF SERVICE

I, Kevin F. Yetman, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                        /s/ Kevin F. Yetman