UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| THE UPPER CRUST, LLC, et al.,[1] ) | CASE NO. 12-18134-JNF |
| ) | |
| Debtors. ) | |
| ) | |
| MARK G. DEGIACOMO, ) | |
| CHAPTER 7 TRUSTEE OF THE UPPER ) | |
| CRUST, LLC et al., ) | ADVERSARY PROCEEDING |
| ) | NO. 14-01163 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| JORDAN TOBINS and ) | |
| STEFANY TOBINS, ) | |
| ) | |
| Defendants. ) | |

# CHAPTER 7 TRUSTEE'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal District Court Local Rule 56.1, as made applicable to this proceeding by MLBR 7056-1, Mark G. DeGiacomo, the Chapter 7 trustee (the "Trustee") of the bankruptcy estates of the Upper Crust, LLC, *et al*. (collectively the "Debtors") hereby submits his Reply to Defendants' Opposition to Motion for Summary Judgment and Opposition to Defendants Cross-Motion for Summary Judgment (collectively, the "Opposition").

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147) (collectively, the "Debtors").

Specifically, for the reasons set forth below, and as articulated in the Trustee's Memorandum of Law in Support of his Motion for Partial Summary Judgment [Docket No. 67] (the "Trustee Memorandum"), the Trustee requests this Court allow his Motion for Partial Summary Judgment [Docket No. 66]. The Trustee further requests this Court rule as a matter of law that (i) the Trustee has standing to assert the Section 544 Claims[2] as set forth in the Adversary Complaint [Docket No. 1] (ii) the Tobins Release is not effective as to the Section 544 Claims and (iii) even if the Tobins Release was effective, the Tobins Release is not a bar to the Trustee's Section 544 Claims because these are derivative claims of an unsecured creditor and not the Debtor.[3]

Here, the Trustee is not asserting the Section 544 Claims standing in the shoes of the Debtors, but rather standing in the shoes of an unsecured creditor pursuant to his avoidance powers under 11 U.S.C. § 544(b). As a result, the Settlement Agreement and the Tobins Release contained therein are not applicable to the Section 544 Claims. Moreover, in the Adversary Complaint the Trustee alleged the existence of at least one unsecured creditor who maintained the right to avoid prepetition transfers the Debtors made to the Defendants. Adversary Compl. ¶¶35, 44, 50, 56. For purposes of this Opposition, and as discussed in further detail below, the Trustee identifies TD Bank, N.A. ("TD Bank") as a qualifying unsecured creditor for purposes of the Trustee's Section 544 Claims.[4]

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such capitalized terms set for the in the Statement of Undisputed Material Facts in Support of the Chapter 7 Trustee's Motion for Partial Summary Judgment [Docket No. 68].

[3] The Statement made in the Defendants' Opposition to Motion for Summary Judgment and Cross-Motion for Summary Judgment that "the Trustee acknowledges that, by a pre-petition Settlement Agreement and Mutual Release, the Upper Crust released all of its claims against the Tobins" is false for the reasons set forth in this Opposition and the Trustee's Opposition to the Defendants Motion for Summary Judgment filed on January 29, 2016 [Docket No. 52].

[4] While the Trustee has identified TD Bank as a qualifying creditor, based on the Trustee's review of the Debtors' Claims Register, there are other prepetition unsecured creditors with allowable claims that would also qualify for purposes of the Section 544 Claims.

7141960v2

Additionally, the Trustee requests that the Court deny the Defendants' Cross-Motion for Summary Judgment (the "Cross Motion"). A corporate debtor does not have exclusive standing to assert claims arising out of the transfer of excessive distributions or overpayments from corporate funds to a majority shareholder. A chapter 7 trustee, standing in the shoes of an unsecured creditor of the debtor, may also seek to avoid such transfers as fraudulent transfers pursuant to his statutory authority in 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A, §§ 5(a)(2) and 6(a).

For these reasons, the reasons set forth below, and those further reasons articulated in the Trustee's Memorandum, the Court should allow the Trustee's Motion for Partial Summary Judgment and deny Defendants' Cross-Motion for Summary Judgment.

## ARGUMENT

**I. THE TOBINS RELEASE IS IRRELEVANT TO THE TRUSTEE'S STANDING TO ASSERT THE SECTION 544 CLAIMS PURSUANT TO HIS POWERS AS AN UNSECURED CREDITOR UNDER 11 U.S.C. § 544(b)**

As previously articulated in the Trustee's Memorandum, the Trustee brought the Section 544 Claims standing in the shoes of an unsecured creditor of the Debtor. Trustee's Memorandum at page 4-5. Thus, the Defendants' assertion in their Opposition that the Trustee does not have standing to assert the Section 544 Claims because the claims are not property of the estate and therefore the Trustee would first have to avoid the Settlement Agreement is incorrect as a matter of law. Cross Motion at pg. 2. The Defendants' assertion incorrectly assumes that the Trustee's Section 544 Claims are derivative of the Debtor and therefore subject to the Tobins Release. The Defendants are incorrect as a matter of law because the Tobins Release was from the Debtors only. Here, the Trustee brought the Section 544 Claims standing in the shoes of a general unsecured creditor under 11 U.S.C. § 544(b). Because the Section 544

3

Claims are derivative claims of a general unsecured creditor (and not the Debtors), the Trustee does not need to avoid the Settlement Agreement as a condition precedent to his standing to assert the Section 544 Claims. Therefore, the validity and/or enforceability of the Settlement Agreement is irrelevant to the issue of the Trustee's standing to assert the Section 544 Claims.

**II. THE TRUSTEE ALLEGED THE EXISTENCE OF AT LEAST ONE UNSECURED CREDITOR WHO MAINTAINED THE RIGHT TO AVOID PREPETITION TRANSFERS THAT ARE THE SUBJECT OF THE SECTION 544 CLAIMS**

Section 544(b)(1) states that "the trustee may avoid any transfer of an interest of the debtor *that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502* of this title . . . ." 11 U.S.C. § 544(b)(1) (emphasis added). In this instance, the Section 544 Claims seek to avoid prepetition transfers the Debtor made to the Defendants under Mass. Gen. Laws ch. 109A, §§ 5(a)(2) and 6(a).[5] Claims to avoid transfers under Mass Gen. Laws ch. 109A § 5(a)(2)[6] may be brought by creditors whose claim existed at the time of **or** arose after the transfer, whereas claims under Mass. Gen. Laws ch. 109A § 6(a)[7] can only be brought by creditors whose claim existed at the time of the transfer in question. Therefore, the Trustee's derivative standing to assert the Section 544 Claims based upon Mass. Gen. Laws ch. 109A § 6(a) is "…dependent on the existence of at least one actual unsecured creditor who could have avoided the challenged transfers [under state law]." In re Tri-Star Tech.

---

[5] As set forth in the Trustee's Adversary Complaint: Count III (Avoidance of the Four-Year Transfers to Jordan [Tobins] Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2)); Count IV (Avoidance of the Four-Year Transfers to Stefany [Tobins] Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 5(a)(2)); Count V (Avoidance of the Four-Year Transfers to Jordan [Tobins] Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a)); and Count VI (Avoidance of the Four-Year Transfers to Stefany [Tobins] Under 11 U.S.C. § 544(b) and M.G.L. ch. 109A, § 6(a))

[6] "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation. . . ." Mass. Gen. Laws ch. 109A, § 5(a)(2).

[7] "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." Mass. Gen. Laws ch. 109A, § 6(a).

Co., Inc., 260 B.R. 319, 324 (Bank. D. Mass. 2001). Nevertheless, the Trustee's avoidance powers under Section 544(b) are not limited or capped by the amount of the claim of the qualifying unsecured creditor. See In re Lowenstein, 312 B.R. 6, 12 (Bankr. D. Mass. 2006) ("[s]o long as such a creditor exists, the trustee may assert that creditor's avoidance rights for the benefit of the entire bankruptcy estate and all its creditors, not just for the benefit of that creditor in the amount of the creditor's claim.") (citing Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L. Ed. 133 (1991)).[8]

The Trustee alleged in the Adversary Complaint the existence of at least one unsecured creditor that maintained the right to avoid the transfers subject to the Trustee's Section 544 Claims. Adversary Compl. ¶¶35, 44, 50, 56. As referenced above, for purposes of this Opposition the Trustee identifies TD Bank as a qualifying unsecured creditor for purposes of all Section 544 Claims.[9] On December 8, 2014, TD Bank filed an amended general unsecured proof of claim in the amount of $1,377,026.66, identified as Claim No. 31-2 on the Claims Register (the "TD Bank Claim"). Accordingly, the TD Bank Claim is an unsecured claim based on "monies loaned" by the TD Bank to the Debtors. According to supporting documentation attached to the TD Bank Claim, TD Bank "established a term loan in favor [Debtors]" as early as April 27, 2007 and continued to loan money to the Debtors until December 22, 2010.

Because the Trustee brought the Section 544 Claims standing in the shoes of an general unsecured creditor with an allowable claim that existed as of the date of the Debtor's transfers to the Defendants and as of the Petition Date, the Tobins Release does not act as a bar to the

---

[8] Contrary to Defendants' misquoted assertion, Lowenstein does not stand for the proposition that a trustee may only avoid a transfer in the amount of a creditor's claim. Cross Motion at pg. 10. Instead, the trustee may avoid the entire fraudulent transaction for the benefit of all creditors. See Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L. Ed. 133 (1991).

[9] See also n.4, supra.

5

7141960v2

Section 544 Claims and the Trustee has standing to pursue the Section 544 Claims on behalf of the bankruptcy estate for the benefit of all creditors.

### III. THE TRUSTEE HAS A STATUTORY RIGHT TO ASSERT THE SECTION 544 CLAIMS AND THESE CLAIMS ARE NOT DERIVATIVE CLAIMS OF THE DEBTORS

As discussed above and in the Trustee Memorandum, the Trustee's authority to bring the Section 544 Claims against the Defendants is based on 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A, §§ 5(a)(2) and 6(a). Notwithstanding this clear statutory authority, the Defendants allege in their Cross Motion that the Trustee lacks standing to bring the Section 544 Claims because the right to assert claims against the Defendants arising out of the Debtor's prepetition transfers to the Defendants belongs only to the Debtor and that such claims are barred by the Tobins Release.[10] Cross Motion at pg. 9-11. In support of their position, the Defendants cite two inapplicable Massachusetts decisions.[11]

These decisions simply address whether a minority shareholder may directly assert claims against a majority shareholder for excessive distributions or overpayments in the context of a closely held corporation. These cases do not discuss, hold, or stand for the Defendants' proposition that such claims preempt the statutory rights of creditors or a chapter 7 trustee standing in the shoes of unsecured creditors to challenge transfers of a corporate debtor to a shareholder as a fraudulent transfer under state law. The Trustee does not dispute for purposes of the Opposition that a corporation may have a claim against a shareholder for causing the corporation to make excessive distributions or overpayments to a shareholder. However, the corporation's claim is not to the exclusion of a chapter 7 trustee's clear statutory authority to bring fraudulent transfer claims to avoid such transfers standing in the shoes of an unsecured

---

[10] See n.3, supra.

[11] Butler v. Moore, No. 10-10207-FDS, 2015 WL 1409676, at *87 (D. Mass. 2015) and Bessette v. Bassette, 385 Mass 806 (1982).

6

creditor pursuant to 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A, §§ 5(a)(2) and 6(a). See In re Healthco Intern., Inc., 195 B.R. 971 (Bankr. D. Mass. 1996) (Trustee could assert fraudulent transfer claim of unsecured creditors regarding transfers to shareholders at time of leveraged buyout) and In re Terrific Seafoods, Inc., 197 B.R. 724 (Bankr. D. Mass 1996) (Trustee brought Section 544(b) claims under Mass. Gen. Laws ch. 109A § 5 seeking to recover salary payments to owners, denying claim on grounds other than standing).

## CONCLUSION

For the reasons set forth herein, Mark G. DeGiacomo, the Chapter 7 Trustee, respectfully requests that this Court (1) grant his Motion for Partial Summary Judgment and (2) deny Defendants' Cross-Motion for Summary Judgment.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE UPPER CRUST LLC, ET AL.,

By his attorneys,

/s/ Anthony R. Leone
Ryan M. MacDonald, Esq. BBO #654688
Anthony R. Leone, Esq. BBO #681760
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile
rmacdonald@murthalaw.com
aleone@murthalaw.com

Dated: July 1, 2016

7141960v2